UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDERICK VANCE, # T7307                                              PLAINTIFF

V.                                          CIVIL ACTION NO.4:05CV228-WAP-JAD

CHRISTOPER EPPS, ET AL                                               DEFENDANTS

## REPORT AND RECOMMENDATION

On January 12, 2006, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

The plaintiff complains that he has been placed on administrative segregation and claimed in his complaint that he has not been provided with any hearings. He accused multiple defendants of conspiring to illegally hold him in segregation. The plaintiff admitted at the hearing however that he has had multiple hearings in accordance with established MDOC policies. "Absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim" because" it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Martin v. Scott*, 156 F 3d 578 (5th Cir. 1998) quoting *Pichardo* v *Kinker*, 73 F.3d 612, 612-3 (5th Cir. 1996). See also Sandin v. Conner, 515 U.S. 472, 485, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (there is no liberty interest in a prisoner's administrative segregation absent atypical, significant deprivation); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995) (following *Sandin* ); *Moody v. Baker,* 857 F.2d 256, 257-58 (5th Cir.1988) (no protectable interest in custody classification).

Accordingly it is recommended that the complaint be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 24th day of January, 2006.

/s/ Jerry A. Davis
UNITED STATES MAGISTRATE JUDGE